**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000378
31-MAY-2017
09:57 AM**

NO. CAAP-16-0000378

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DUSTIN F.K. DAWSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-15-0000082)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Dustin F.K. Dawson appeals from a Judgment/Order; Notice of Entry of Judgment/Order, entered on February 24, 2016, in the District Court of the First Circuit, Honolulu Division ("District Court").[1] The District Court convicted Dawson of Harassment, in violation of Hawaii Revised Statutes section 711-1106(1)(a).[2] On appeal, Dawson argues that the District Court (1) wrongly convicted him based on insufficient evidence; (2) abused its discretion by denying his motion for a new trial; and (3) erred when it did not ensure that he knowingly, intelligently, and voluntarily waived his right to not testify by failing to properly administer the pre-trial

---

[1] The Honorable James C. McWhinnie presided.

[2] "A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person: (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]" Haw. Rev. Stat. § 711-1106(1)(a) (Supp. 2013).

advisement or the "ultimate" colloquy detailed in footnotes 7 and 9 of *Tachibana v. State*, 79 Hawaiʻi 226, 900 P.2d 1293 (1995).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dawson's points of error as follows.

(1) Construing the evidence in the light most favorable to the prosecution, there was substantial evidence to support the conviction. *See* Haw. Rev. Stat. § 711-1106(1)(a); *State v. Stocker*, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999).

There was substantial evidence that Dawson slapped the complaining witness, Lyman LaBatte. Specifically, LaBatte testified that Dawson slapped him, and consistent with this testimony, LaBatte's wife, Lhea-Nicole LaBatte ("Lhea"), testified that when LaBatte returned to the car, she saw that the left side of his face was swollen and pinkish and the area underneath his eye was turning black and blue. It was within the District Court's discretion to find that the testimonies submitted by LaBatte and Lhea on this point were more credible than the testimonies submitted by Dawson and the Hawaii Stevedores, Inc. human relations manager, Eric David Stoddard. *See Stocker*, 90 Hawaiʻi at 90, 976 P.2d at 404. The court's credibility determination was not based on clearly erroneous findings of fact. *See State v. Okumura*, 78 Hawaiʻi 383, 392, 894 P.2d 80, 89 (1995).

Furthermore, there was substantial evidence that Dawson intended to alarm LaBatte by slapping him, notwithstanding that Dawson apparently did so to help LaBatte and/or LaBatte's family. Dawson testified that he routinely scolded union members for misbehavior; LaBatte's father asked Dawson to help LaBatte keep his job; and at the October 16, 2014 meeting, Dawson scolded LaBatte, advised him to "think about what you're doing" and warned him that he could lose his job. LaBatte testified that after Dawson slapped him, Dawson picked him up out of the chair, told him to clean himself up, gave him a hug, and said, "I'm doing this 'cause I love your dad, I love you."

2

Definitions of "alarm" include "to strike with fear" and "to give warning to." *See Alarm*, Merriam-Webster's New Collegiate Dictionary (11th ed. 2003). Viewed in the light most favorable to the prosecution, *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), there was sufficient evidence that Dawson slapped LaBatte intending to strike fear in him or warn him that he was in danger of losing his job, notwithstanding that Dawson may have intended to help LaBatte or LaBatte's family in doing so.

(2) Given the record before us, we cannot say that the District Court abused its discretion in denying Dawson's motion for a new trial on the basis of newly-discovered evidence. *See* Haw. R. Penal P. 33; *State v. McNulty*, 60 Haw. 259, 268, 588 P.2d 438, 445 (1978), *overruled on other grounds* in *State v. Eberly*, 107 Hawai'i 239, 112 P.3d 725 (2005).

(3) The District Court's pre-trial advisement met all of the requirements set forth in *State v. Lewis*, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000) and *State v. Monteil*, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014). The court informed Dawson of his right to testify or not to testify; that if he had not testified by the end of trial, the court would briefly question him to ensure that the decision not to testify was his own decision; and that his exercise of the right not to testify would not be used against him by the court.

Furthermore, the District Court was not required to engage Dawson in the "ultimate" *Tachibana* colloquy because he elected to testify at trial. *See Lewis*, 94 Hawai'i at 296, 12 P.3d at 1237 (holding that the ultimate *Tachibana* colloquy is not required where a defendant elects to testify).

Therefore, IT IS HEREBY ORDERED that the Judgment/Order; Notice of Entry of Judgment/Order, entered on February 24, 2016, in the District Court of the First Circuit, Honolulu Division, is affirmed.[3/]

---

[3/]    We note that the Judgment/Order; Notice of Entry of Judgment/Order does not reflect that the District Court found Dawson guilty of the offense because none of the check boxes in the "FINDINGS" portion of the judgment are checked. *See* Haw. R. Pen. P. 32(c)(2). The transcript of the hearing, however, makes the court's finding clear. As a result, we remand the case to

(continued...)

DATED:   Honolulu, Hawaiʻi, May 31, 2017.


On the briefs:

Thomas R. Waters
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Craig H. Nakamura
Chief Judge

/s/
Associate Judge

/s/ Lawrence M. Reifurth
Associate Judge

---

3/(...continued)
the District Court to file a corrected Judgment/Order; Notice of Entry of
Judgment/Order that clearly reflects the disposition of this case *nunc pro
tunc* to February 24, 2016.